IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEAL GREENBAUM, et al.,

       Plaintiffs,

vs.                                             No. 13-cv-00426 MCA/ACT

AMY BAILEY, in her official capacity
as the Clerk for the City of Albuquerque, et al.,

       Defendants.

**ORDER DENYING TEMPORARY RESTRAINING ORDER
AND CONSOLIDATING PROCEEDINGS ON PLAINTIFFS' MOTION FOR
<u>A PRELIMINARY INJUNCTION WITH PROCEEDINGS ON THE MERITS</u>**

      This case came before the Court on June 25, 2013 for a telephonic hearing upon Plaintiffs' *Emergency Motion for a Temporary Restraining Order Directing the Defendant Board of Campaign Practices Not to Meet Regarding the Legality of Plaintiffs' Contributions*. [Doc. 28]  The Court has considered the written submissions of the parties, the arguments and representations of counsel, the record in this case and the applicable law, and is otherwise fully advised.

      This case is a First Amendment and Equal Protection challenge to Article XIII § 4(f) of the Albuquerque City Charter.  That provision states:

> *Ban on Contributions from Business Entities and City Contractors*.  No candidate shall accept a contribution in support of the candidate's campaign from any corporation, limited liability company, firm, partnership, joint stock company or similar business entity or any agent making a contribution on behalf of such a business entity.  No candidate shall accept a contribution in support of the candidate's campaign from any person, other than a City employee, who at the time of the contribution is in a contractual relationship with the City to provide goods or services to the City.  The remedy for an unknowing violation of this subsection shall be the return of the contribution.

Candidates who violate this provision may be subjected to a public reprimand, a fine, or both. Article XIII § 4(f). Candidates who are successful in an election and who have violated this provision may be further sanctioned by suspension or removal from office. Article XIII § 10(g).

Plaintiffs seek a temporary restraining order to prevent Defendant City of Albuquerque Board of Ethics and Campaign Practices ("the Board") from convening a meeting (*preliminary hearing*) on June 27, 2013 to consider a complaint filed against Albuquerque Mayor Richard Berry alleging a violation of Article XIII § 4(f).

"To merit a temporary restraining order ... the movant must establish that '(1) [the movant] has a substantial likelihood of prevailing on the merits; (2) [the movant] will suffer irreparable injury if [it] is denied the injunction; (3) [the movant's] threatened injury outweighs the injury that the opposing party will suffer under the injunction; and (4) an injunction would not be adverse to the public interest.'" *Wiechmann v. Ritter*, No. 02-1146, 44 Fed. Appx. 346, 347 (10th Cir. July 26, 2002) (unpublished decision) (quoting *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1283 (10th Cir. 1996)). A movant's failure to show irreparable harm is an independently sufficient ground for denying a TRO without regard to the other three factors. *Watkins, Inc. v. Lewis*, 346 F.3d 841 (8th Cir. 2003). The Court will deny the TRO because Plaintiffs have not shown that the June 27, 2013 meeting will irreparably harm them. The Court finds that the June 27, 2013 meeting will be a *preliminary hearing*. [Doc. 29-2 at 10] A hearing on the merits of the complaint will follow at a later time only "[i]f sufficient cause is found at the preliminary hearing." [Doc. 29-1 at 1] The Court finds that even the worst case outcome, viewed from Plaintiffs' standpoint --a decision on June 27, 2013 to proceed to an evidentiary hearing on the complaint against Mayor Berry--will not affect the Court's ability to provide Plaintiffs complete relief should they prevail on the merits in the present case. Moreover, the denial of a

temporary restraining order at this time is not intended to preclude Plaintiffs from reapplying for a temporary restraining order should further developments threaten Plaintiffs with irreparable harm.

**WHEREFORE**, consistent with the Court's rulings as set out above and as announced at the June 25, 2013 telephonic hearing,

**IT IS THEREFORE HEREBY ORDERED** that Plaintiffs' *Emergency Motion for a Temporary Restraining Order Directing the Defendant Board of Campaign Practices Not to Meet Regarding the Legality of Plaintiffs' Contributions* [Doc. 28] is **denied**;

**IT FURTHER ORDERED** that

1. Pursuant to Fed. Civ. P. Rule 65(a)(2) Proceedings on Plaintiffs' *Joint Motion for a Preliminary Injunction* [Doc. 23] are consolidated with proceedings on the merits;

2. Further briefing, other than replies in support of pending motions, will not be allowed;

3. All evidence that the parties wish to have the Court consider in ruling on the merits shall be submitted by Tuesday, July 9, 2013.

4. The Court will expedite its consideration of the merits of this case.

**SO ORDERED this 25th day of June, 2013.**

_____
M. CHRISTINA ARMIJO
Chief United States District Judge